# Danforth *v.* McClellan.

### Motion to Tax Costs.

(Decided May 18, 1916.   72 South. 104.)

1. **Costs; Judgment for Residue; Statute.**—Under § 3663, Code 1907, where plaintiff recovered $10 damages and $10 costs in a tort action, and there was no certificate that plaintiff should have recovered more damages, the action of the court in refusing to enter judgment against plaintiff for the residue of costs was erroneous.

2. **Same.**—In the absence of such a certificate from the record that plaintiff should have recovered more damages the appellate courts cannot presume that such certificate was made.

3. **Same; Witness's Fees; Liability.**—Judgment in favor of a party for costs does not relieve him from liability to the officers or the witnesses for their fees, although a judgment has gone against the other party for cost, which includes such fees.

4. **Same; Statutory Provision; Instruction.**—As used in the statute the word "residue" includes all costs plaintiff could have recovered whether expended by plaintiff or defendant, less $10 in this case, since a judgment for full costs includes all the fees earned by the officers and witnesses in the case, regardless of the party for which the services were rendered, as judgment for costs can only be rendered for parties to the suit.

(Somerville, J., dissenting.)

[Danforth v. McClellan.]

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Andrew N. McClellan had judgment in tort against A. P. Danforth, for $10 damages and $10 costs, and defendant entered a motion for judgment against plaintiff for the residue of the cost, which judgment was denied and defendant appeals. Reversed and rendered.

Transferred from the Court of Appeals.

L. J. COX, for appellant. HARSH, HARSH & HARSH, and CHARLES C. McNABB, for appellee.

MAYFIELD, J.— (1) Judgment was rendered in the court below, in a tort action, for plaintiff, to the amount of $10 damages and $10 costs. Defendant moved the court for a judgment against plaintiff for the residue of the costs. The court declined to enter such judgment for the defendant, and defendant appeals.

This action of the court was error to reverse. It was a failure and declination to do what the statute expressly declares must be done in such cases. Section 3663 of the Code applies and controls. It reads as follows: "In all actions to recover damages for torts, the plaintiff recovers no more costs than damages, where such damages do not exceed twenty dollars, unless the presiding judge certifies that greater damages should have been awarded; and on failure to certify, judgment must be rendered against the plaintiff for such residue."

(2) There is no certificate that plaintiff should have recovered more damages, and in the absence thereof, we cannot presume that such a certificate was made.—*Rarden v. Maddox,* 141 Ala. 507, 39 South. 95, and cases cited. This case is somewhat different from others in which a judgment was wrongfully rendered against the defendant for full costs. The defendant, in such cases, however, is not only entitled to be relieved of a judgment against him for full costs, but also to have a judgment against the plaintiff for the "residue," for so says the statute. The trial court probably declined to give him the judgment, acting on the theory that the "residue" included only costs which the plaintiff had expended, and not costs which the defendant had expended, and therefore that he had no interest or concern in plaintiff's costs.

(3, 4) There is a distinction, of course, between costs and fees, as has been pointed out often by this court; but this distinc-

tion has no application here. Under our practice a judgment for full costs includes all the fees earned by the officers and the witnesses in that case, no matter for which party the services were rendered, and no matter against which party the judgment for costs be rendered. The judgment for costs can only be rendered in favor of parties to the suit; it cannot be rendered in favor of the officers or the witnesses, though the proceeds may ultimately go to the latter.—*Patterson v. Officers of Court,* 11 Ala. 740. The judgment in favor of a party for costs does not relieve him from liability to the officers or the witnesses for their fees, though a judgment has gone against the other party for costs which included such fees.

In the case of *South & North Ala. R. R. Co. v. Bradley,* 84 Ala. 469, 4 South. 611, the latter, as clerk of the court, sued the former for fees in certain cases in which the railroad company was successful; and the court said: "The fees due the plaintiff, as compensation for official services performed by him, at the request of the defendant, being such as were authorized by law, constituted a debt, for which an action of debt, or indebitatus assumpsit would clearly lie. And the provisions of the statute, authorizing a judgment to be rendered in favor of the successful party for costs in civil actions (Code 1886, § 2837), is no bar to the maintenance of such a suit.—*Hill v. White,* 1 Ala. 576; *Carrvill v. Reynolds,* 9 Ala. 969; *Tillman v. Wood,* 58 Ala. 578; *Dane v. Loomis,* 51 Ala. 487; *Bradley v. State,* 69 Ala. 318."

The defendant is therefore liable for fees and costs, notwithstanding the judgment against him in this case is limited to $10. If the plaintiff had recovered full costs of him this would have included all the fees due the officers and the witnesses in the case, consequently, the "residue," as mentioned in the statute, includes all the costs the plaintiff could have recovered, less $10. So it clearly appears that the error was not without injury to the defendant.

The judgment appealed from will therefore be reversed; and in accordance with the practice of this court in such cases, a judgment will be here rendered for the residue, as directed by the statute.—*Rarden v. Maddox, supra; Tecumseh v. Mangum,* 67 Ala. 246, 247; *Guttery v. Boshell,* 132 Ala. 596, 32 South. 304.

Reversed and rendered. All the Justices concur, except SOM-ERVILLE, J., who dissents.

[State v. Western Union Telegraph Co.]

SOMERVILLE, J.—I find no warrant in the statute for rendering a judgment in favor of the defendant for the defendant's costs. It seems to me that a proper construction of sections 3662, 3663, of the Code would be that a plaintiff in tort who recovers less than $20 is penalized only by the loss of his own costs in excess of the amount of the judgment. But as the question has been settled by the majority of the court, I refrain from a useless statement of the reasons for my own conclusion.