(80 South. 734)

DOTHAN CHERO–COLA BOTTLING CO. et al. v. WEEKS.    (4 Div. 541.)

(Court of Appeals of Alabama.  Nov. 26, 1918. Rehearing Denied Dec. 17, 1918.)

1. Costs ⊚⇒25—Action in Tort.

Where plaintiff in tort action recovers $10 damages, he is entitled, under Code 1907, § 3663, to recover no more costs than damages, notwithstanding section 3662, as amended by act approved September 16, 1915 (Laws 1915, p. 598), giving successful party full costs; the provision of latter statute having no application to cases falling within provisions of section 3663.

2. Appeal and Error ⊚⇒719(4)—Failure to Assign Error—Waiver.

Appellant, by failing to assign errors on the ruling of the court on demurrers waives any benefits arising from such rulings.

3. Appeal and Error ⊚⇒936(1)—Review — Presumptions—Costs—Nature of Action.

In determining whether lower court was invested with a discretion in taxing costs under Code 1907, § 3662, as amended by Laws 1915, p. 598, and section 3663, the court on appeal, in determining whether action is ex delicto or ex contractu, will liberally construe the complaint in order to sustain the judgment.

4. Sales ⊚⇒273(2) — Implied Warranty— Manufacturer.

Where manufacturer sells articles of his own make, in absence of express warranty, implied warranty arises that such articles are reasonably fit for the purpose intended.

5. Sales ⊚⇒274—Food—Implied Warranty —Fitness for Human Consumption—Care in Preparation.

Manufacturers or packers of foods, beverages, drugs, condiments, and confections intended for human consumption impliedly warrant that their products are fit for human consumption, and that they have used in the selection and preparation of such articles, that degree of care ordinarily exercised by persons skilled in the business of preparing and packing articles of this character for distribution or sale to the general public.

6. Sales ⊚⇒255—Food—Implied Warranty —Retailer.

Manufacturers' and packers' implied warranty that food is fit for human consumption is not for the benefit of the retailer, who purchases in large quantities for resale.

7. Sales ⊚⇒255—Food — Liability of Retailer.

Retailer, purchasing large quantities of food from a reputable manufacturer or dealer, without imperfections discoverable in the exercise of ordinary care, by persons skilled and experienced, in dealing and supplying goods to general public, is not liable to consumer on implied warranty.

8. Action ⊚⇒27(1)—Costs ⊚⇒25 — Nature of Action—Contract — Construction of Complaint.

Count of complaint stating facts from which law would imply a warranty that certain beverage sold plaintiff by defendant was fit for human consumption, and that defendant had used that care ordinarily exercised by persons skilled in the business of preparing such drinks, and further stating facts showing a breach of such warranty, *held* to state a cause of action ex contractu, so that costs were properly awarded in court's discretion, as authorized by Code 1907, § 3662, as amended by Laws 1915, p. 598, and not limited to amount of recovery as provided by Code 1907, § 3663.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by I. Henry Weeks against the Dothan Chero-Cola Bottling Company and others.  Judgment for plaintiff, and the named defendant appeals.  Affirmed.

Hill & Thigpen, of Dothan, for appellant. T. M. Espy, of Dothan, for appellee.

BROWN, P. J.  [1] On the trial of the case in the court below, the appellee recovered $10 damages, and appellant's contention is that the action is in tort, and, under the provisions of section 3663 of the Code, he is entitled to recover no more costs than damages. The case was submitted to the jury on the second count of the complaint, the other count being eliminated by amendment, and if this count states a cause of action in tort, the appellant's contention is correct and must be granted.  Danforth v. McClellan, 196 Ala. 567, 72 South. 104.  This is true notwithstanding the provisions of section 3662 of the Code as amended by the act approved September 16, 1915 (Laws 1915, p. 598), providing that—

"The successful party in all civil actions is entitled to full costs, for which judgment must be rendered, unless in cases otherwise directed by law, or by the judgment of the court," etc.

The provisions of the quoted section have no application to cases falling within the provisions of section 3663.

[2, 3] It is not clear from count 2 whether the action is ex delicto or ex contractu, and while demurrers were filed by the appellant in the court below questioning the sufficiency of the averments of this count as stating and defining a cause of action, on this appeal it has waived any benefit arising therefrom by failing to assign errors on the ruling of the court on the demurrers.  Otherwise stated,

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the appellant cannot waive his demurrers, and at the same time claim the benefit of having interposed them. Therefore, in disposing of the question as to whether the court was invested with a discretion in taxing costs, the complaint will be accorded a liberal construction in order to sustain the judgment. Stewart v. Goode et al., 29 Ala. 476; Kyle v. Carravello, 103 Ala. 153, 15 South. 527; Walker v. Mobile M. B. & M. Ins. Co., 31 Ala. 529; Phillips v. Sellers, 42 Ala. 661; Amer. Bonding Co. v. N. Y. & Mexican Whiting Co., 11 Ala. App. 578, 66 South. 847.

[4, 5] It is a well-settled rule of law that where a manufacturer sells articles of his own make in the absence of an express warranty, a warranty by implication of law arises that such articles are reasonably fit for the purposes for which they were intended. Snow v. Schomacker Mfg. Co., 69 Ala. 111, 44 Am. Rep. 509; Kennebrew v. Southern Automatic Ele. Mach. Co., 106 Ala. 380, 17 South. 545: Troy Grocery Co. v. Potter, 139 Ala. 359, 36 South. 14; 6 Mayf. Dig. 810, § 67; 23 Eng. Rul. Cas. 480; Kellogg, Bridge & Co. v. Hamilton, 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86. So in the absence of an express warranty the law implies that the manufacturer or packer of foods, beverages, drugs, condiments, and confections intended for human consumption warrants that their products are fit for human consumption, and that they have used in the selection and preparation of such articles that degree of care ordinarily exercised by persons skilled in the business of preparing and packing articles of this character for distribution or sale to the general public. Travis v. L. & N., 183 Ala. 415, 62 South. 851; Pantaze v. West, 7 Ala. App. 599, 61 South. 42; Kellogg, Bridge & Co. v. Hamilton, 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86; Addison on Contracts (Morgan's Ed.) p. 218, § 621; Doyle v. Fuerst & Kraemer, 129 La. 839, 56 South. 906, 40 L. R. A. (N. S.) 480, and note, Ann. Cas. 1913B, 1110; 1 Rolle, Abridge. 90, pl. 1 and 2; Randall v. Newsom, 23 Eng. Rul. Cas. 480; Van Bracklin v. Fonda, 12 Johns. (N. Y.) 468, 7 Am. Dec. 339; Marshall v. Peck, 1 Dana (Ky.) 612; Humphreys v. Comline, 8 Blackf. (Ind.) 516; Hoover v. Peters, 18 Mich. 51.

[6, 7] This warranty is not for the benefit of the retailer who purchases in large quantities for resale, and such retailer is not liable to the consumer of articles of the character here involved, if he purchases of a reputable manufacturer or dealer, and the goods so purchased and supplied by him are such as are without imperfections that may be discovered by the exercise of the reasonable care of a person skilled and experienced in dealing in and supplying goods to the general public. Biglow v. Maine Central R. R. Co., 110 Me. 105, 85 Atl. 396, 43 L. R. A. (N. S.) 627; Winsor v. Lombard, 18 Pick. (Mass.) 57. "As to hidden imperfections, the consumer must be deemed to have relied on the care of the packer or manufacturer or the warranty which is held to be implied by the latter." 29 R. C. L. p. 1124, § 29. This warranty is raised by implication of law, for the benefit and protection of the consumer, regardless of the absence of express contractual relations between parties, and is enforceable by contract remedies. The principles upon which an obligation of this character arises, enforceable by contract remedies, are well stated in the following authorities: Gulfport Fert. Co. v. Jones, 73 South. 147;[1] 2 R. C. L. p. 749, § 8; Brush Elec. L. & P. Co. v. City Council of Montgomery, 114 Ala. 433, 21 South. 960; 2 Kent's Com. 450; Smyth v. Tankersley, 20 Ala. 212, 56 Am. Dec. 193; Whilden v. Merchants' Bank, 64 Ala. 1, 38 Am. Rep. 1; Hertzog v. Hertzog, 29 Pa. 465; Board of Highway Commissioners v. Bloomington, 253 Ill. 167, 97 N. E. 280, Ann. Cas. 1913A, 471, and note.

[8] The second count of the complaint clearly states facts from which the law would imply a warranty as between the defendant and the plaintiff that the contents of the bottle of Chero-Cola were fit for human consumption, and that the defendant had used, in the selection and preparation of this drink, that degree of care ordinarily exercised by persons skilled in the business of preparing such drinks for distribution and sale to the public, and further states facts showing a breach of such warranty. We therefore hold that the complaint, when liberally construed to support the judgment, states a cause of action ex contractu, and is in assumpsit for a breach of implied warranty, and under the provisions of section 3662 of the Code as amended, the court was invested with a discretion in the taxation of costs according to the equities of the case.

Affirmed.

[1] 15 Ala. App. 280.