(98 South. 469)

**CHILTON COUNTY et al. v. GROOMS.**
**(5 Div. 879.)**

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Appeal and error ⬤⟿1175(7)—Proper judgment rendered by Supreme Court where costs more than judgment in tort action.**

In a tort action tried without a jury in which the amount of damages allowed by the court did not exceed $20, the Supreme Court in reversing the judgment on the ground that the costs taxed against defendants exceeded the amount of the judgment will render the proper judgment under Code 1907, § 3663, providing that in such case judgment must be rendered against the plaintiff for residue of costs.

**2. Costs ⬤⟿25—Statute as to taxation of costs against plaintiff in tort action applicable to trial without jury.**

Code 1907, § 3663, providing that, where damages in a tort action does not exceed $20, judgment must be rendered against the plaintiff for the amount of costs in excess of amount of judgment "unless the presiding judge certifies that greater damages should have been awarded," *held* applicable to cause tried before the court without a jury, though in such case the proviso as to the certificate of the presiding judge has no field for operation.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action for damages by Odie Grooms against Chilton County and R. N. Roebuck. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Reynolds & Reynolds, of Clanton, for appellants.

In tort actions, where the recovery is not greater than $20, the plaintiff cannot recover costs greater than the damages, unless the presiding judge certify that the damages should have been greater, and on appeal in such cases the court will render judgment in conformity with the statute. Code 1907, § 3663; Guttery v. Boshell, 132 Ala. 596, 32 South. 304; Rarden v. Maddox, 141 Ala. 506, 39 South. 95.

Thos. A. Curry, of Clanton, for appellee.

The provision of the statute does not apply, where the trial is by the judge without a jury, and the judgment recites that the plaintiff have and recover of the defendants the sum of $10 and the costs in this behalf expended. Code 1907, § 3663.

GARDNER, J. Appellee recovered a judgment against appellants in a tort action, the sum total of which did not exceed $20. The judgment of the trial court taxed the entire costs against the defendants, and for a review thereof this appeal is prosecuted. This action of the trial court was violative of the provisions of section 3663 of the Code of 1907, which reads as follows:

"In all actions to recover damages for torts, the plaintiff recovers no more costs than damages, where such damages do not exceed $20, unless the presiding judge certifies that greater damages should have been awarded; and on failure to certify, judgment must be rendered against the plaintiff for such residue."

[1] There was no certificate of the presiding judge that greater damages should have been awarded, and, indeed, as the cause was tried before the court without a jury, no occasion arose for such a certificate, the judgment itself disclosing the maximum amount that should be awarded in the opinion of the trial judge. The following authorities are conclusive to a reversal of the cause, and the rendition of a proper judgment here: Rarden v. Maddox, 141 Ala. 506, 39 South. 95; Guttery v. Boshell, 132 Ala. 596, 32 South. 304; Danforth v. McClellan, 196 Ala. 567, 72 South. 104; Holloway v. Henderson Lbr. Co., 203 Ala. 246, 82 South. 344.

[2] Counsel for appellee insists the above section of the Code has no application to a cause tried before the court without a jury, but we find no such exception in the language of the statute. We are of the opinion in such a case the proviso in the statute as to the certificate of the presiding judge has no field for operation, but that the statute means what it plainly says as to recovery of costs in tort actions.

The judgment will be reversed and one here rendered limiting the recovery of plaintiff to the damages awarded of $20, and costs not exceeding such sum, and taxing the plaintiff with the residue of the costs. Let appellee be taxed with the cost of this appeal.
Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes