### DUNN v. TEXAS COCA–COLA BOTTLING CO.
No. 1443.

Court of Civil Appeals of Texas. Eastland.
May 10, 1935.

Rehearing Denied June 7, 1935.

Scarborough & Ely and Edmund C. Yates, all of Abilene, for appellant.

Cantey, Hanger & McMahon and J. A. Gooch, all of Fort Worth, for appellee.

FUNDERBURK, Justice.

This suit was brought by Robert Dunn against Texas Coca-Cola Bottling Company to recover damages alleged to have resulted from the drinking by plaintiff of a bottle of Coca-Cola containing pieces of glass. Liability of the defendant was predicated upon two theories, viz., (1) an implied warranty of the fitness of the drink for human consumption, and (2) negligence. The alleged negligence consisted of (a) bottling glass with the Coca-Cola, (b) marketing the Coca-Cola which had been bottled with glass, and (c) failure to inspect the bottles of Coca-Cola after the bottles had been sealed.

The jury, to whom the case was submitted on special issues, answered all questions in favor of the plaintiff, except one. The answer not favorable to plaintiff was, in substance, that Robert Dunn, the plaintiff, was guilty of negligence in drinking the bottle of Coca-Cola in question after discovering something unusual about its contents. The defendant did not plead contributory negligence. No issue was submitted to the jury calling for a finding of whether negligence of plaintiff in drinking from the bottle after discovering something unusual about its contents was the proximate cause of the injury. Among the issues found in favor of the plaintiff was one to the effect that plaintiff had suffered damages in the sum of $1,100. Upon the verdict of the jury, the court gave judgment for defendant from which the plaintiff has appealed.

The first question presented is whether the finding of the jury to the effect that plaintiff was guilty of negligence in drinking the bottle of Coca-Cola after discovering something unusual about its contents was sufficient to require judgment for the defendant, notwithstanding all other issues submitted were answered in favor of the plaintiff. The plaintiff testified he drank about three-fourths of the bottle without stopping, that he then felt

something in his mouth or throat like sand, that he inspected the remaining contents of the bottle, but, seeing nothing, took one additional swallow, leaving the remainder in the bottle. Another witness who was with plaintiff testified that the latter kept drinking from the bottle and looking at it from time to time, but was unable to say how many swallows he took after plaintiff indicated that something was wrong with the contents. Our conclusion upon this point may be stated in the form of a proposition as follows: When a jury, upon sufficient evidence, finds all the facts which standing alone would entitle the plaintiff to a particular judgment upon a cause of action for negligence, it is no obstacle to the rendition of such judgment that the jury may have found that the plaintiff was guilty of negligence unless it appears conclusively, or is found by the jury, that such negligence was a proximate cause of the injury. Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513; Dallas R. Co. v. Eaton (Tex. Civ. App.) 222 S. W. 318; Pearson v. Texas & N. O. R. Co. (Tex. Com. App.) 238 S. W. 1108, and authorities there cited; Galveston, H. & S. A. R. Co. v. Pendleton, 30 Tex. Civ. App. 431, 70 S. W. 996; Salter v. Galveston, H. & S. A. R. Co. (Tex. Civ. App.) 285 S. W. 1112; 45 C. J. 972.

■ We also regard the proposition as established by the authorities that contributory negligence to be available as a defense must be pleaded, unless same be conclusively shown by the undisputed evidence. Such conclusive showing would include not only the existence of negligence on the part of plaintiff, but also the fact that such negligence was a proximate cause of the injury. Texas & N. O. R. Co. v. Rooks (Tex. Com. App.) 293 S. W. 554; Roscoe S. & P. R. Co. v. Taylor (Tex. Civ. App.) 191 S. W. 1175; Dublin Cotton Oil Co. v. Jarrard, 91 Tex. 289, 42 S. W. 959; Missouri Pacific Ry. Co. v. Watson, 72 Tex. 631, 10 S. W. 731; 45 C. J. 1118.

■ There was no evidence that plaintiff drank any of the contents of the bottle knowing that same contained glass. The evidence makes no stronger case than that he drank a small part of the contents of the bottle after he ascertained that it contained something tasting like sand. Such evidence, we think, does not show negligence as a matter of law, nor does it show proximate cause as a matter of

law. We are, therefore, of the opinion that the action of the court in giving judgment for the defendant in so far as such action must depend for support upon the finding of plaintiff's negligence was error.

The appellee under a cross-assignment of error contends that the court should have given a peremptory instruction to the jury to return a verdict in its favor. Six reasons are urged in support of the contention, as follows: (1) There was no evidence of negligence; (2) there was an opportunity for the glass to have been placed in the bottle by some third person, or by the plaintiff himself; (3) there was no proof that the particular bottle of Coca-Cola had been delivered to the dealer from whom it was purchased by plaintiff; (4) the doctrine of res ipsa loquitur was not available, but it was necessary for plaintiff to show negligence; (5) the doctrine of implied warranty does not apply to the case; and (6) the defendant having assumed the burden of showing no negligence, and plaintiff having offered nothing in rebuttal of defendant's testimony that there was no negligence, there was no issue to go to the jury.

■ Preliminary to further discussion of appellee's several points listed as reasons why the court should have instructed a verdict in its favor, it may be stated that no complaint is made concerning the form or content of the issues submitted to the jury. No contention is made that the issues submitted to the jury were not issues joined by the pleadings. The jury, among other things, found that the bottle of Coca-Cola contained particles of glass; that the bottle of Coca-Cola in question was bottled by the defendant; that it contained the particles of glass at the time it left the possession of the defendant; that it was the purpose of the defendant in delivering the bottle that it be offered for sale for human consumption; that the glass did not get into the bottle after same was opened by the plaintiff; and that the glass was not put in the bottle by other parties or other agencies after same left defendant's possession. It may be conceded that these findings were not all upon ultimate issues in the case. But, we are unable to say that they were not supported by evidence. Granting that these facts existed and were supported by evidence, the question is, Was the jury warranted in inferring the existence of

negligence? The jury's conclusion of negligence was best expressed in answer to special issues Nos. 7 and 15, by which it was found that defendant was negligent in delivering the bottle of Coca-Cola to be sold for human consumption, and in failing to exercise ordinary care in the manufacture and preparation of the bottle of Coca-Cola purchased by the plaintiff from Pool. Was such conclusion wholly without evidence to support it? It seems to us that the evidentiary facts expressed in the jury's other findings above mentioned amply warranted the conclusion. If the appellee in bottling its Coca-Cola with the purpose and intention that it be sold for human consumption so prepared and marketed it that it contained pieces of broken glass, such facts alone, if they did not compel, would, we think, certainly warrant an inference of negligence. In Armstrong Packing Co. v. Clem (Tex. Civ. App.) 151 S. W. 576, it was held that negligence was proved by evidence that a manufacturer knew that certain ingredients of an article manufactured for human use were dangerous if too much were used, that proper saponification would render same harmless, and that same was not rendered harmless. In other words, evidence of said facts was sufficient proof of negligence.

■ The contention embraced in the second reason, namely, that there was an opportunity for the glass to have been placed in the bottle by some third person, or the plaintiff, presents only an evidentiary matter. If it be conceded that there was such opportunity, it does not necessarily follow that the glass was not in the bottle at the time it was delivered by appellee to be sold for consumption.

■ The third reason is not conclusive of the issue, because there was proof that the bottle was delivered by appellee to Pool from whom it was purchased by the appellant. It is not necessary, we think, to enter into a discussion of the principle of res ipsa loquitur. That principle does not deny that negligence may be proved by circumstantial evidence, and the ultimate fact of the want of due care may be found as an inference from facts in evidence. The point embraced in the sixth reason, that appellee having assumed the burden of showing no negligence, and having offered evidence upon that issue tending to show due care upon its part thereby rebutted any inference of negli-

gence and left the issue without support in the evidence, is not sufficient, we think, to sustain the proposition that a peremptory instruction should have been given. The testimony offered by appellee upon the issue of negligence to rebut the inference of negligence was not sufficient as a matter of law to do so. Such evidence did not show the impossibility of the glass having been in the bottle at the time it left the hands of appellee. The jury, we think, was warranted, after giving due consideration to all the testimony tending to show that there was no negligence, to have concluded under all the facts and circumstances as they did, that the presence of the glass in the bottle was the result of negligence on the part of appellee.

■■ In reference to the point that the doctrine of implied warranty does not apply to the case, we agree with the appellee. We have no means of knowing with certainty that the judgment of the court was intended to rest upon the contrary proposition. Since, however, there were pleadings tendering such an issue, and if the principle be applicable to the case, the evidence would no doubt support the issue, we find it necessary to discuss it briefly. A general principle of law, well stated in Corpus Juris, is as follows: "Although differing in their reasoning, it is generally agreed by the authorities that a manufacturer, packer, or bottler of foods or beverages is directly liable to a consumer for an injury caused by the unwholesomeness or the unfitness of such articles, although purchased from a dealer or middleman and not from such manufacturer, bottler or packer." 26 C. J. 785, § 93. It is further said: "In some of these decisions the doctrine of implied warranty has been assigned as a ground for such liability; but in others liability is based upon the ground of negligence, the applicability of the rule of implied warranty being denied." 26 C. J. § 93, p. 785. Without undertaking to cite all the decisions, we do cite as supporting the doctrine of liability upon implied warranty the following: Dothan Chero-Cola Bottling Co. v. Weeks, 16 Ala. App. 639, 80 So. 734; Davis v. Van Camp Packing Co., 189 Iowa, 775, 176 N. W. 382, 17 A. L. R. 649; Jackson Coca Cola Bottling Co. v. Chapman, 106 Miss. 864, 64 So. 791; Chysky v. Drake Bros., 192 App. Div. 186, 182 N. Y. S. 459; Mazetti v. Armour & Co., 75 Wash. 622, 135 P. 633, 48 L. R. A. (N. S.) 213, Ann. Cas. 1915C, 140; Ward v. More-

head Food Co., 171 N. C. 33, 87 S. E. 958 (recognizing doctrine but deciding case on negligence); Cudahy Packing Co. v. Baskin, 170 Miss. 834, 155 So. 217; Ward Baking Co. v. Trizzino, 27 Ohio App. 475, 161 N. E. 557; Coca-Cola Bottling Co. v. Lyons, 145 Miss. 876, 111 So. 305; Hertzler v. Manshum, 228 Mich. 416, 200 N. W. 155 (treats implied warranty same as negligence). Of the authorities holding that liability is for negligence may be cited the following: Drury v. Armour & Co., 140 Ark. 371, 216 S. W. 40; Crigger v. Coca-Cola Bottling Co., 132 Tenn. 545, 179 S. W. 155 L. R. A. 1916B, 877, Ann. Cas. 1917B, 572; Haley v. Swift & Co., 152 Wis. 570, 140 N. W. 292; Hasbrouck v. Armour & Co., 139 Wis. 357, 121 N. W. 157, 23 L. R. A. (N. S.) 876; Cheli v. Cudahy Bros. Co., 267 Mich. 690, 255 N. W. 414; Cassini v. Curtis Candy Co., 113 N. J. Law, 91, 172 A. 519; Campbell Soup Co. v. Davis (Va.) 175 S. E. 743; Broadway v. Grimes, 204 N. C. 623, 169 S. E. 194; Madden v. Great A. & P. Tea Co., 106 Pa. Super. 474, 162 A. 687; Nehi Bottling Co. v. Thomas, 236 Ky. 684, 33 S.W.(2d) 701; Chysky v. Drake Bros. Co., 235 N. Y. 476, 139 N. E. 576, 27 A. L. R. 1533; Richenbacher v. California Pack. Corp., 250 Mass. 198, 145 N. E. 281; Perry v. Kelford Coca-Cola Bottling Co., 196 N. C. 175, 145 S. E. 14; F. W. Woolworth Co. v. Wilson (C. C. A.) 74 F.(2d) 439. A number of these decisions not only assert that the principle of liability is that of negligence, but expressly disagree with the view that there may exist a liability upon an implied warranty. The Texas decisions afford us little aid in the solution of the problem. Decisions which may be thought to have more or less bearing are: Brown Cracker & Candy Co. v. Jensen (Tex. Civ. App.) 32 S.W.(2d) 227; Liggett & Myers Tobacco Co. v. Wallace (Tex. Civ. App.) 69 S.W.(2d) 857; Armstrong Packing Co. v. Clem, supra; Cohn v. Saenz (Tex. Civ. App.) 211 S. W. 492; Texas Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 968.

 A warranty whether express or implied can exist only as a contract. "Warranties may be either express or implied, but in either event the relations between the parties arise out of contract and are not based upon what is known as tort, or on duties imposed by law on any theory unrelated to contract." 55 C. J. 653, § 668.

 When it is considered that a contract includes "a promise or set of promises" (Williston on Contracts, Vol. 1, § 1); that mutual assent is essential to the formation of simple contracts (Id. § 22); and that such mutual assent must be "expressed by one party to the other, and except as so expressed is unimportant" (Id.); and that almost always such expression of mutual assent must take the form of an offer and acceptance (Id. § 23), it seems to us wholly illogical that under a situation like that here presented where a consumer has not purchased the product from the bottling company there exists any contract between the bottling company and the consumer. If any contractual relation existed between the appellee and appellant, who made the offer necessary to the requisite expression of their mutual assent to the provisions of the contract? And who accepted the offer? If an implied warranty existed, which is to say if there was a contract upon which appellee became liable to appellant, it was one made by appellee and some one other than appellant. If, therefore, there was an implied warranty, the contract was one between other parties made for the benefit of appellant. Let us suppose that collateral to the contract by which appellee sold the Coca-Cola to Pool, the dealer, there was an implied warranty. Would the mere resale of the bottle to appellant constitute an implied assignment of such warranty to the sub-purchaser? It seems settled according to Mr. Williston (Williston on Contracts, Vol. 11, § 998) "that the mere resale of a warranted article does not give the sub-purchaser a right to sue the original seller for damages caused him by the defects either in the title or quality of the goods."

Being of the opinion that the judgment of the court below should be reversed and judgment rendered for the appellant in accordance with the verdict of the jury, it is accordingly so ordered.