**NORTHCUTT v. MAGNOLIA PETROLEUM CO.**

No. 1461.

Court of Civil Appeals of Texas. Eastland.
Dec. 20, 1935.

Rehearing Denied Feb. 7, 1936.

Grisham Bros., of Eastland, for appellant.

McRae & McRae, of Eastland, for appellee.

LESLIE, Chief Justice.

The plaintiff, B. L. Northcutt, instituted this suit against the Magnolia Petroleum Company to recover damages on account of personal injuries alleged to have been sustained by him as a result of negligence on the part of the defendant. The defendant answered by general denial and allegations of contributory negligence. The trial was had before the court and jury, and, upon the latter's answer to special issues, judgment was entered in favor of the defendant. Northcutt appeals. The parties will be referred to as in the trial court.

The plaintiff alleged that as a tenant he was in possession of and cultivating the E. H. Jones farm in 1934; that, while engaged in plowing the same in the usual way, using a lister drawn by mules, the point of his plow struck a pipe line which had theretofore been laid by the defendant across said farm a few inches beneath the surface of the land; that the striking of the plow against the pipe line caused the handles of the plow suddenly to jerk and be thrown upward and forward; that at such time he had the plow lines across one shoulder and under the other arm in the usual manner, and that the quick forward movement of the plow handles, together with the pull of the lines caused by the breaking of the clevis pin as the team moved forward, caused the plaintiff to be thrown over against the plow beam and other portions of the plow with such force and violence that he received painful injuries to his body and was temporarily rendered unconscious, etc.; that the defendant had laid the pipe line under said land, and was guilty of negligence in failing to bury same below plow depth; that the land at the time the line was laid and at all times mentioned in the petition was farm land, in actual use and cultivation as such, and that defendant was at all times

aware of such fact; that the presence of the pipe line under the surface of the land at a depth shallower than plow depth constituted a constant danger to persons engaged in plowing the land, as the defendant knew, or by the exercise of ordinary care would have known; that it was the duty of the defendant to place the line below plow depth and so maintain the same; that such failure to so lay and maintain the pipe line was negligence upon the part of the defendant, proximately causing the plaintiff's injury.

The defendant alleged that the plaintiff was injured as a result of his own negligence: (1) In that he failed to exercise ordinary care for his own safety for the reason that he was aware of the location of the pipe line and its nearness to the surface of the land; (2) that plaintiff was negligent in having the reins about his body, one being over one shoulder and the other under the opposite arm, at the time the plow struck the pipe; (3) that the plaintiff, just before the plow struck the pipe line, whipped up his team, causing them to lunge forward and thereby dig the plow deeper into the soil than the usual plow depth; (4) that the plaintiff was using a plow with a worn and defective clevis pin which broke when the plow struck the pipe line; and (5) that he was using a team of mules, wild, unruly and skittish; that each of said acts was negligence and a proximate cause of his injury.

In response to the issues submitted, the jury found: (1) That on or about March 31, 1934, the plaintiff sustained an injury in the manner alleged; (2) that the defendant failed to have its pipe line buried below plow depth at the time and place of the injury; (3) that such failure was negligence; (4) such negligence was the proximate cause of the plaintiff's injury; (5) that plaintiff had been damaged in the sum of $450 (response to issue 8). The jury further found, in answer to special issue No. 5: (a) That at the time of his injury the plaintiff was not using a plow with a defective clevis pin; and (b) that he did not whip up his team at a time when he knew or by the exercise of ordinary care should have known that he was in close proximity to the pipe line in question. In addition to the foregoing, issue No. 7 was submitted as follows: "Do you find from a preponderance of the evidence that prior to the time of his alleged injury the plaintiff B. L. Northcutt knew, or by the exercise of ordinary care should have known, that the defendant's pipe line was not below plow depth at the place of his alleged injuries?" This question was answered in the affirmative.

The defendant filed a motion for judgment, based upon the verdict of the jury in answer to special issue No. 7, contending that such finding necessarily imported that the plaintiff was guilty of negligence, and that the same was the proximate cause of his injury. The trial court evidently took this view, sustained the motion, and entered judgment accordingly.

The plaintiff, appellant here, attacks this judgment by three propositions: (1) That the evidence is insufficient to support the jury's answer to issue No. 7; (2) that the jury having found that the defendant was guilty of negligence as pleaded by the plaintiff, and that such negligence was the proximate cause of his injury, and there being no jury finding of negligence on the part of the plaintiff and no jury finding that he was guilty of an act or omission constituting negligence as a matter of law, the court erred in rendering judgment for the defendant based upon the verdict; and (3) that the evidence does not show as a matter of law that the plaintiff was guilty of any act or omission constituting negligence per se.

The second and third propositions are controlling and will be considered first. From the foregoing statement, it is apparent that the plaintiff was entitled to a judgment on the verdict unless the answer to special issue No. 7 precluded such judgment. By way of establishing contributory negligence, the pleadings and testimony present possible issues of fact, namely: (1) Whether the plaintiff was using a plow with a defective clevis pin; (2) whether he whipped up his team at a time when he knew, or by the exercise of ordinary care would have known, that he was in close proximity to the pipe line; (3) whether he was driving a team of "skittish" nature; and (4) whether his act in driving with the reins over one shoulder and under the opposite arm constituted negligence. The answers to issues 1 and 2 designated in this paragraph were favorable to the plaintiff. Issue 3 herein was not submitted, and no request was made for its submission. It was therefore waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Bulin v. Smith (Tex.

Com.App.) 1 S.W.(2d) 591. Issue No. 4 herein was submitted conditionally and as a part of subdivision (c) of issue No. 5; that is, the jury was instructed not to answer it unless it answered questions (a) and (b) (1 and 2 herein) of issue No. 5 in the affirmative. Not having so answered subdivisions (a) and (b) of issue No. 5, no answer was required for question 4 herein or subdivision (c) of issue No. 5, and there was no error in failing to so answer. Sanders v. Lowrimore (Tex.Civ. App.) 73 S.W.(2d) 148.

The question arises, Is there in the foregoing, and especially the answer to issue No. 7, any finding of a fact upon which negligence or contributory negligence of the plaintiff could be predicated? We think not.

■ As reasoned by the plaintiff, the ultimate issue arising on the contention of negligence or contributory negligence involves three distinct elements, namely: (1) Whether the party to be charged was guilty of a specific act or omission; (2) if so, whether such specific act or omission constituted negligence; and (3) if so, whether such negligence constituted a proximate cause of the injury and damage. Except in cases controlled by the doctrine of res ipsa loquitur, it is obvious that a finding of negligence must be based upon some specific act or omission to act. As stated in 20 R.C.L. p. 12: "Fault on the part of the defendant is to be found in action or non action accompanied by knowledge, actual or implied, of the probable results of his conduct; and, likewise, fault upon the part of the person injured is to be determined by the same test."

■ In the light of the above principles, what legal effect is to be attached to the jury's answer to special issue No. 7 to the effect that prior to his injury the plaintiff knew, or by the exercise of ordinary care should have known, that defendant's pipe line was not below plow depth at the place of his alleged injury? If it be conceded that under the first phase of the finding the plaintiff had such knowledge or under the second phase of the same he had, as a matter of law, constructive notice of said fact [Klein v. City of Dallas, 71 Tex. 280, 8 S.W. 90; City of Wichita Falls v. Crummer (Tex.Civ.App.) 71 S.W. (2d) 583, 585], the finding had no further effect or importance. The material consideration under the circumstances would be not what the plaintiff knew as a disconnected fact, but what an ordinarily prudent person, having such knowledge, would have done or omitted to do under the circumstances. The verdict fails to throw any light on this phase of the case. It is silent on what the plaintiff, possessed of such knowledge, did or failed to do which constituted negligence, and whether such act or omission constituted proximate cause.

■ The evidence shows there were other pipe lines buried under the plaintiff's land, and that on occasions his plow had struck them, as well as defendant's line, but at a point other than the place of the accident. It further shows that there was no resulting injury to him by reason thereof. In the instant case the plaintiff had a legal right to plow his farm, and he had been cultivating it in the same manner for about five years. He had not sustained any injury theretofore, although it is apparent that defendant's negligence had made it impossible for him to exercise his right to plow the land without exposing himself to some degree of danger or risk. Hence it appears that the risk he incurred on the occasion in question was not conclusively an unreasonable risk. The question of contributory negligence does not become one of law, unless the established facts are such that reasonable minds can draw no other conclusion than that the plaintiff was negligent. As said in San Angelo Water, Light & Power Co. v. Anderson (Tex.Civ.App.) 244 S.W. 571, 572: "It is not sufficient to constitute negligence that a party knew there might be danger in doing a given act, if he did not know positively that such act was dangerous."

■ In line with this declaration of the law is that to be found in the American Law Institute, Restatement of Torts, Tentative Draft No. 10, § 9, p. 22: "If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he knowingly exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless the risk is unreasonable."

Other authorities for the rule are Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Tex. 545, 7 S.W. 227; City of Wichita Falls v. Crummer (Tex.Civ.App.) 71 S.W.(2d) 583; 30 Tex.Jur. 764, § 96 et seq., and authorities there cited.

■ In the light of the use to which the farm had theretofore been put and the use

being made of it at the time of the injury and since the evidence showed that no previous injury had developed in the plowing of the land, we are of the opinion that the plaintiff at the time of his injury was not taking an unreasonable risk in plowing the land, and that the evidence does not show contributory negligence as a matter of law.

■ If any issue of negligence upon the plaintiff's part arose by reason of the facts and circumstances presented, it was clearly one for the jury, and, the defendant having failed to request the submission of such issue (involving contributory negligence), it waived any defense based thereon. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Bulin v. Smith, supra; Dallas Hotel Co. v. Davison (Tex.Com.App.) 23 S.W.(2d) 708.

■ Further, we are of the opinion that special issue No. 7 submitted nothing more than an evidentiary matter. It was not the submission of an ultimate issue. If said issue be considered the submission of an ultimate issue, which it is not, the jury's finding in respect thereto, standing alone, furnishes no basis whatever for a judgment for the defendant. As held by this court, through Justice Funderburk, in Dunn v. Texas Coca-Cola Bottling Co., 84 S.W.(2d) 545, 547: "When a jury, upon sufficient evidence, finds all the facts which standing alone would entitle the plaintiff to a particular judgment upon a cause of action for negligence, it is no obstacle to the rendition of such judgment that the jury may have found that the plaintiff was guilty of negligence unless it appears conclusively, or is found by the jury, that such negligence was a proximate cause of the injury" (citing many authorities).

An application of this rule precludes a judgment in favor of the defendant. The finding on the issue of proximate cause would be absent.

■ The defendant invokes article 2190, R.S.1925 (as amended by Acts 1931, c. 78, § 1, Vernon's Ann.Civ.St. art. 2190), in support of a contention that, by reason of the jury's answer to special issue No. 7 (asserted to be some character of finding of contributory negligence), the court made sufficient additional findings of negligence and proximate cause as were necessary to support the judgment. We do not think this contention is sound. Article

2185, R.S.1925, has application under circumstances presented by this record. The burden was upon the defendant to plead and prove the alleged acts of contributory negligence. The court did not submit issues embodying plaintiff's negligence, proximate cause, etc. The defendant failed to request the submission of said issues. It thereby waived such grounds of defense under the following authorities: Dallas Hotel Co. v. Davison (Tex.Com.App.) 23 S.W.(2d) 708; Federal Surety Co. v. Smith (Tex.Com.App.) 41 S.W.(2d) 210; International-Great Northern Ry. Co. v. Casey (Tex.Com.App.) 46 S.W.(2d) 669.

In the disposition of this appeal we have had the benefit of most excellent briefs by attorneys for each litigant. We find it impracticable to comment upon the numerous authorities cited and relied on. Believing that those cited in this opinion rule the case, we base our conclusions thereon. The propositions discussed are sustained. The case has been fully developed. It conclusively appears that the plaintiff was entitled to a judgment on the verdict.

The judgment of the trial court will therefore be reversed, and judgment here rendered in favor of the plaintiff. It is so ordered.