SECHLER & BROTHERTON, PLAINTIFFS IN ERROR, v. W. L. STARK, DEFENDANT IN ERROR.

Costs in an Action: LIABILITY FOR. The plaintiff in an action, and also the defendant, is primarily liable for all costs which he

makes, and their payment or security may be required in ad-vance. Nor does the fact that his adversary may ultimately be compelled to pay them by the judgment of the court, relieve him from such liability to the officer entitled thereto.

ERROR to the district court for Hamilton county. Heard below before POST, J., on demurrer by Sechler & Brotherton to petition of Stark, plaintiff there. Demurrer over-ruled, and judgment in favor of Stark for amount claimed.

*J. S. Miller*, for plaintiff in error.

*E. J. Hainer*, for defendant in error.

LAKE, J.

Two errors only are assigned. They are: 1st. That "the court erred in overruling the demurrer to the petition;" and 2d, "in rendering a judgment for the plaintiff when it ought to have been rendered for the defendants."

The petition certainly states a good cause of action, although an exceedingly small one, the amount claimed being only one dollar and fifty-five cents. The facts showing this indebtedness are set forth with great particularity, and all due formality. The amount is composed of several items of costs made by the plaintiffs in error, and earned by the defendant in error as county judge in an action which they instituted and prosecuted to final judgment, in the county court of Hamilton county, against one Michael Cross.

The plaintiff in an action, and also the defendant, is primarily liable for all of the costs which he makes in its prosecution or defense. Nor does the fact that his adversary may ultimately be compelled to pay them by the judgment of the court, relieve him from such liability to the officer entitled thereto. The primary liability is a matter between him and the officer earning the fees; the ultimate liability concerns him and his adversary.

Under our law court costs may be required to be paid or secured in advance of the performance of the required service; and the fact that it is not done in all cases is due merely to official favor.

Sec. 31, Ch. 28, Comp. Stat. 280, provides that: "The clerk of the supreme court, and of each district court, the register in chancery, probate (county) judge, sheriff, justice of the peace, constable, or register of deeds, may in all cases require the party for whom any service is to be rendered, to pay the fees in advance of the rendition of such service, or give security for the same, to be approved by the officer."

The several items of fees sued for were the following, viz: Docketing the case, 25 cents; issuing summons, 50 cents; filing papers, 20 cents; swearing witness, 10 cents; entering judgment, 50 cents; in all $1.55. The petition, which by the demurrer is admitted to be true, shows that the official services for which these items were charged, were duly rendered by the defendant in error as county judge, at the request of the plaintiffs in error. And the charges conform to the statutory rule of compensation in each particular. As to the matters complained of, clearly there is no error, and the judgment must be affirmed.

JUDGMENT AFFIRMED.