CASE 28—MOTION—JANUARY 26.

## Peoples v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

COSTS OF APPEALS.—Upon the affirmance of a judgment of conviction in a felony case, a judgment for the costs of the appeal may be rendered against the appellant.

BAKER, KINNEY & KINNEY, S. M. BERNARD AND BEN. S. ROBBINS FOR APPELLANT.

FRANK PARSONS FOR APPELLEE.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Mary A. Peoples, being under conviction for a felony, appealed to this court, where the

judgment was affirmed. A judgment for the costs in this court was rendered by it against her. She now claims that it was unauthorized by law, and is, therefore, void. The motion now made is to quash the execution upon it for this reason.

It is, of course, true, as counsel contend, that a judgment for costs can not be rendered without warrant of law. The General Statutes, which went into force December 1, 1873, are silent upon the subject. The chapter upon "Costs" merely provides: "A defendant convicted of a misdemeanor shall be adjudged to pay the costs." (Chapter 26, section 11.) The Criminal Code, which became operative January 1, 1877, is not, however. Section 361 provides: "On the affirmance of a judgment, if the appeal be taken by the defendant, and on the reversal of the judgment, if the appeal be taken by the Commonwealth, a judgment for costs shall be rendered against the defendant."

It is clear the statute authorized the judgment in question. The other sections in the same article show that it can not be construed as not applying to a felony. We see no reason why this should not be the law. When the conduct of the accused, whether it be felonious or of a less degree, causes the cost, his property, if he have any, should answer for it. But let the matter of policy be one way or the other, the legislature has furnished the rule to which we must adhere.

The motion to quash the execution is overruled.