CASE 48—MOTION—JUNE 16.

# Green v. Commonwealth.

### APPEAL FROM BATH CIRCUIT COURT.

COSTS.—The defendant in a criminal prosecution must pay his own costs, although he may have been acquitted or may have succeeded upon appeal.

STONE & SUDDUTH FOR MOTION.

Brief not in record.

·CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

George F. Green was convicted of a felony in the lower court.   Upon appeal to this court the judgment was reversed, and he claims that he is not liable for his own costs in this court.   In other words, although its clerk rendered him service at his request, he now says he is not liable to pay him for it because he succeeded upon the appeal. The State can not be made to pay it.   No judgment can go against it in the appellant's favor for his costs.   Section 6 of chapter 26 of the General Statutes says:

"If the Commonwealth shall be unsuccessful in any case prosecuted in her own right, no judgment for costs shall be rendered against her."   If, therefore, the appellant, owing to his success, is not bound to pay his own costs, the clerk must lose it.

Let us see if this apparent injustice exists under the law.

If a defendant in a prosecution, whether for a felony or a misdemeanor, be defeated upon an appeal, a judgment for costs may be rendered against him under chapter 26, section 11 of the General Statutes, and section 361 of the

Criminal Code. The latter was held in Peoples v. Commonwealth, 88 Ky., 174, to embrace a case of felony.

It is said, however, that this is so because where the defendant is unsuccessful he is of course in fault, and his own conduct causes the cost. In such a case, however, he is by a judgment made to pay the costs of the other side, while the question now presented is whether he shall, where he is successful, merely pay his own costs. It is urged that to compel him to do so would be unjust, and that it is against public policy to permit the State to prosecute one of its citizens and then to compel him to pay even his own costs when he is not in fault and there is a failure to convict. The services are, however, rendered at his instance. He gets the benefit of them. The officers of the court have no interest in the matter, and as between him and them he should certainly be the loser. If it involves a hardship to him, it is one that is incident to his citizenship. If he accept the benefits accruing to him from government, he must bear the necessary burdens; and the right to examine and investigate the conduct of its citizens is vital to proper government.

If, however, the law does not authorize the collection from a defendant in a criminal case of his own costs where he succeeds, then of course this motion to quash the clerk's fee bill must prevail.

Section 1, article 1, chapter 41 of the General Statutes says: " Hereafter the clerks of the Court of Appeals, circuit courts, equity courts and county courts (so far as the same will apply) shall receive the following fees for the services performed by them." The fees for the different kinds of service are then enumerated at length, and the fees now in question are among them. This provision

applies to both civil and criminal cases.  The officer
rendering the services must, of course, look directly to
the party for whom they are rendered, and as the State
for the most part pays no costs, unless it be collected from
the defendant, the officer is compelled as to the State to
render much *ex offiicio* service for which he receives no
pay.   When it requires service in its behalf of its officers
and no remuneration is by law provided, it is *ex officio*,
and no charge can be made.   (Wortham v. Grayson Co.
Court, 13 Bush, 53.)

The chapter above cited provides: "Similar fees for
similar services shall be allowed in all cases in the name
of the Commonwealth when a fine is assessed and col-
lected."

An act amendatory of it, and which is copied into the
General Statutes, page 625, also provides that the circuit
court clerks shall receive as their compensation in Com-
monwealth cases ten per cent. of all fines and forfeitures
collected from the judgment defendants, not exceeding
however seven hundred and fifty dollars per annum.

Section 1, article 18 of the same chapter says: " No fee-
bill shall be made out, or compensation allowed hereafter
for any *ex officio* services rendered or to be rendered by any
officer;" and section 7, article 20: "No officer shall be
entitled to any fee in a proceeding for a misdemeanor
unless the same is recovered and collected from the defend-
ant, in which cases the fees allowed and to be taxed shall
be the same as for similar services in civil cases."

It is urged that these provisions show that a defendant
in a prosecution is not liable to the officers for his own
costs if he defeats it; but manifestly they relate only to
the payment of the costs upon the part of the State, and

for which the accused is, of course, not liable unless he is convicted.

Although a defendant may succeed upon an appeal or be acquitted, it is not only equitable but in conformity to statute that he should pay his own costs incurred for services rendered by the officers of the court at his request.

The motion to quash the fee-bill in this case is overruled.