## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* MITCHELL.

1. A contract made by a justice of the peace with one who claims indebtedness from many persons on account, that the latter will turn over the accounts to the former for suit in the justice's court, upon the understanding that neither the justice nor the constables will hold the plaintiff liable for costs in any cases where a recovery is had against the party sued, but the costs, if collected, are to be collected from the defendant in the judgment, is opposed to public policy, illegal, and void.
2. Where such justice of the peace enters up judgments against the various parties, and is afterwards removed from office, and his successor issues executions on the judgments, upon which are entered returns of nulla bona, and where on notice of such return, and after refusal to pay costs on demand, cost fi. fas. are issued and levied on the property of the plaintiff, such levies will not be enjoined at the instance of the plaintiff against whom the cost fi. fas. are proceeding, solely because of his illegal agreement respecting costs, made with the justice who entered up the judgments.
 (*a*) The circumstances that the justice with whom the agreement was made has since died, and that the parties entitled to his estate, and the constables who were in office under him, may be entitled to receive the costs, does not alter the principle.
 (*b*) The plaintiff's prayer for injunction is dependent upon giving effect to the illegal contract, which the courts will not countenance.

JULY 13, 1916.

Equitable petition. Before Judge Charlton. Chatham superior court. November 21, 1914.

*Osborne & Lawrence* and *David S. Atkinson,* for plaintiff.

EVANS, P. J. Van Geisen, a justice of the peace, was removed from office. W. B. Mitchell qualified as his successor, and Mitchell found several judgments entered by Van Geisen on the official docket in favor of the Southern Bell Telephone and Telegraph Company against divers defendants, upon which no executions had been issued. Executions were issued on these judgments by Mitchell, and after entries of nulla bona as to the respective defendants, and refusal by the telephone company to pay the costs,

executions were issued against it for the amount of the court costs. These executions were levied on certain property of the telephone company; whereupon that corporation filed a petition to enjoin the further prosecution of the levies, on the ground that these judgments were rendered on accounts placed with Van Geisen by virtue of an agreement between the telephone company and the magistrate that neither he nor his constables would hold the telephone company liable for costs in any case where a recovery was had against the person sued, but the costs, if collected, were to be collected from the defendant in the judgment. It was alleged that petitioner's contract with Van Geisen was made with the knowledge of Van Geisen's constable, McCall, who told Mitchell not to issue the cost executions, because of the agreement. Since Van Geisen's removal from office he has died, and his whole estate has been set apart to his widow and minor children as a year's support; and neither she nor either of the constables who served under her deceased husband has demanded costs of petitioner, but they have always abided by the agreement with respect to costs. A demurrer on the grounds that no cause of action was alleged, and that the petitioner had a complete remedy at law, was sustained, and the petition was dismissed.

1. A contract made by a justice of the peace, whereby he agrees to charge no costs in suits to be brought by a corporation, unless such costs are collected from the defendants in the suits, is a violation of judicial duty, and void. An agreement which makes the fees of a justice of the peace in a judgment rendered by him depend on whether he is able to collect them from the defendant is opposed to public policy and the due administration of justice. Such an agreement as is set up by the petitioner in the instant case is void, and will not be enforced by the courts. See *Howell* v. *Fountain, 3 Ga.* 176 (46 Am. D. 415).

2. "Where cases are tried, the justices of the peace shall render judgment therein according to the law and the facts of each case, and such judgment shall be enforced by execution, unless prevented by appeal or other legal means." Civil Code (1910), §§ 4737, 4765. When Mitchell came into office it was his official duty to issue executions upon the judgments entered up by his predecessor, not barred by the statute, and upon which no execution had been issued. It is the duty of constables to execute all

executions to them directed by lawful authority. Civil Code (1910), § 4696. When an execution issued from a justice's court shall be returned by a constable with the entry that there is no property of the defendant out of which satisfaction of the execution can be made, the plaintiff is liable for the costs; and if the plaintiff, upon being notified of the return and a demand for the costs, shall fail to pay such costs, execution therefor may issue against him. Civil Code (1910), § 4761. From a consideration of these statutory provisions it will appear that the executions for costs are proceeding regularly, and that the officers sought to be enjoined are acting within the sphere of official duty. The plaintiff asks that these officers be stayed in the performance of their official duty, because of its illegal contract with Van Geisen, exempting it from liability for costs. The plaintiff's right to injunction depends upon the enforcement of its illegal contract, and the maxim "Ex dolo malo non oritur actio" applies. Hawkeye Ins. Co. v. Brainard, 72 Iowa, 130 (33 N. W. 603). The circumstance that the costs due to Van Geisen should be paid over to his widow, and that those due to the constables who served under him should be paid to them, none of whom is pressing for collection, does not alter the case.

*Judgment affirmed. All the Justices concur.*