## Moser v. Summers.

(Decided December 5, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Clerks of Courts—When Not Liable to Action for Damages.—The clerk of a circuit court is not liable to an action for damages, for bringing suit upon a fee bill for costs incurred by a litigant.

2. Judges—Liabilities for Official Acts.—It is a general principle of universal application to all grades of judicial officers, that a judge, who is proceeding within the scope of his jurisdiction, is not liable in an action for damages for the decision he may make as such judge, nor for any rule or action he may take for the conduct of the business of his court.

3. Justices of the Peace—Liabilities for Official Acts.—A justice of the peace, acting as a judge and within his jurisdiction, is not liable in damages, even though he act maliciously or corruptly; to sustain such an action it is necessary not only to show that he acted maliciously or corruptly, but that he did not have jurisdiction.

4 Sheriffs and Constables—Acting Under Valid Writ.—Where a constable acted under a valid writ, a charge of collusion and bad

faith against him cannot invalidate his authorized acts under the writ.

5.  Clerks of Courts—Suit to Collect Fee Bill—Jurisdiction.—Section 976 of the Kentucky Statutes, providing that the Franklin circuit court shall have jurisdiction, on behalf of the Commonwealth, of all causes, suits and motions against clerks of courts, collectors of public money, and all public debtors or defaulters, or others claiming under them, has no application to a suit brought by the clerk of a court to collect a fee bill.

M. N. WEBSTER for appellant.

FRED FORCHT for appellees, Summers and American Bonding, Company of Baltimore.

CHARLES WICKLIFFE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

In 1913 Lorena Frye sued the appellant, Joseph L. Moser, in the Jefferson circuit court, for damages. Upon a trial of that case the jury found for the defendant Moser; whereupon he took judgment for his costs, amounting to $13.45. At that time Louis Summers, one of the defendants to this action, was clerk of the Jefferson circuit court.

Summers, as clerk, made out a fee bill as required by law, and presented it to Moser for payment, and upon Moser's refusal to pay, Summers, as clerk, instituted a suit thereon in the court of Ben Schulman, a justice of the peace for Jefferson county. Process was issued and served upon Moser, who appeared by counsel and objected to the jurisdiction of the court. His objections were overruled, and upon the trial judgment went against Moser for $13.45, with the costs of the action in Schulman's court. An execution was duly issued from Justice Schulman's court and levied upon a delivery wagon belonging to Moser, which was sold for $4.00, by L. H. Roberts, a constable for Jefferson county.

As the sale of the wagon did not satisfy the execution, a second levy was made upon a cash register, twenty cases of whiskey, and some other articles of personalty, which were sold at public auction in satisfaction of the unpaid portion of the judgment. Moser was the purchaser at both sales.

Subsequently, however, Moser instituted this action against Summers, as clerk, and the American Bonding

Company, of Baltimore, as his surety; against Schulman, as justice of the peace, and the Chicago Bonding & Surety Company, of Illinois, his surety; and L. H. Roberts, as constable, and the Chicago Bonding & Surety Company, of Illinois, his surety, to recover $20,019.35 damages, for the alleged illegal sale of his property, above described.

The petition alleges that Summers instituted the action in Schulman's court maliciously, and without probable cause, and in collusion with Schulman and Roberts; that the fee bill was illegal, exorbitant and oppressive, and that the action was instituted by Summers for the purpose of intimidation, and to injure Moser in his business, good name, fame and credit; that Roberts, the constable, levied upon the things that were most useful to Moser in his business, for the purpose of causing him trouble and annoyance; and that Summers, Schulman and Roberts entered into an unlawful combination to wrong, oppress and injure Moser.

The circuit court sustained a demurrer to the petition, and Moser appeals.

Appellant contends that he was not liable to Summers for any costs whatever in the Frye suit, because, as defendant in that action, he obtained a judgment for his costs. This contention is based upon the theory that where a defendant obtains a judgment for his costs in an action against him, he is not liable to the clerk for his own clerk's costs in that action.

This, however, is an erroneous view of the extent of his liability.

While section 889 of the Kentucky Statutes provides that the party succeeding in an ordinary action, on the merits or otherwise, "shall recover his costs," this does not mean that he is not liable to the officers of the court for the costs incurred by himself. For these costs he is directly liable to the clerk, although under his judgment for costs he may collect them from his opponent. That right, however, does not relieve him of his liability to the clerk for his own costs, and that was all that Summers claimed.

There is no claim that the fee bill contained any improper items of charges; the only contention is that Moser was not responsible to Summers therefor.

Under section 1751 of the Kentucky Statutes, the clerk might have collected his bill by a distress warrant.

The question of the clerk's right to sue for his bill while his right to proceed by distress warrant still existed, has not been raised and is not decided.

As to the liability of Schulman, the justice who tried the case, the general rule is that no person is liable civilly for what he may do as judge, while acting within the limits of his jurisdiction.

In Rammage v. Kendall, 168 Ky. 31, the rule was stated as follows:

"There is a general principle of universal application to all grades of judicial officers, that a judge, who is proceeding within the scope of his jurisdiction, is not liable in an action for damages for the opinion he may deliver as such judge, nor for any rule or action he may take for the conduct of the business of his court. This principle, however, does not extend to make a judicial officer immune from damages for illegal acts, which result in injuries to others or deprive them of their legal rights, when his acts are without the scope and limits of his jurisdiction. It follows, that if his illegal acts are without the scope and limits of his jurisdiction, he is liable, if damages result to others from such acts, whether he is actuated by malice, corrupt and impure motives or not. In the last state of case, the fact that his motives are impure and bad are considered, only, as aggravating the damages. When the judge acts illegally, without the limits of his jurisdiction, he becomes a trespasser, and is liable in damages as such. Morgan v. Dudley, 18 B. M. 567; Revill v. Pettit, 3 Met. 283; Kennedy v. Terrill, Hardin 491; Ayars v. Cox, 10 Bush 207; Hollon v. Lilly, 100 Ky. 553; Pepper v. Mayes, 81 Ky. 673; Ely v. Thompson, 3 A. K. M. 70; Gregory v. Brown, 4 Bibb 28; Tabb v. Mudd, 6 R. 220; Reed v. Taylor, 25 R. 1793; Stephens v. Wilson, 115 Ky. 27; Scott v. West, 1 Bush 23; Blincoe v. Head, 103 Ky. 106; Glazer v. Hubbard, 42 S. W. 114; McBurnie v. Sullivan, 152 Ky. 686.''

See also the leading case of Yates v. Lansing, 9 Johns. 395, 6 Am. Dec. 290, and Clark v. Hampton, 168 Ky. 26.

In 23 Cyc. 568, it is said that the overwhelming weight of authority is to the effect that where a judge has full jurisdiction of the subject-matter and of the parties, whether his jurisdiction be a general or a lim-

ited one, he is not liable civilly where he acts erroneously, illegally, maliciously or corruptly.   Bradley v. Fisher, 13 Wall 335.

There are intimations in some of the Kentucky decisions that a judge acting maliciously or corruptly within the limits of his jurisdiction, might not be protected.   See Hagerman v. Sutherland, 16 Ky. L. R. 301, 27 S. W. 982; Hollon v. Lilly, 100 Ky. 553; Willis v. Linn, 148 Ky. 841.   But, in Pepper v. Mayes, 81 Ky. 673, the court indicated its view that even a justice of the peace acting within his jurisdiction, would not be liable in a civil action, for acting corruptly.   That ruling is sustained by the late case of McBurnie v. Sullivan, 152 Ky. 686, 44 L. R. A. (N. S.) 186.   And, it was expressly held in Dixon v. Cooper, 109 Ky. 29, that a complaint against a justice of the peace having jurisdiction of the subject-matter and of the person, alleging a malicious arrest and conviction, on the ground that the offense charged in the warrant was not an offense, was demurrable.

The rule laid down in McBurnie v. Sullivan, *supra*, was followed in Clark v. Hampton, 163 Ky. 698, and Rammage v. Kendall, 168 Ky. 26.

To the same effect see also Early v. Fitzpatrick, 161 Ala. 171, 135 Am. St. Rep. 123; Scott v. Fishblate, 117 N. C. 265, 30 L. R. A. 696; Gordon v. District Court (Nevada), 131 Pac. 134; Curnow v. Kessler, 110 Mich. 10; and Note in 44 L. R. A. (N. S.) 164.

Schulman, however, was acting clearly within his jurisdiction (Ky. Sts., sec. 1086); and, under the rule above announced, was not liable for any error that he may have committed, although it does not appear that the judgment as entered was erroneous.   Moreover, if any had been committed by Schulman, the appellant had an ample remedy by appeal to the quarterly court.

And, as Roberts, the constable, acted under a valid writ, the charge of collusion and bad faith against him cannot invalidate his authorized acts under the writ.

Finally, it is insisted that since this action was brought for the benefit of the Commonwealth, section 976 of the Kentucky Statutes required that it could have been brought only in the Franklin circuit court.   Section 976, *supra*, provides that the Franklin circuit court shall have jurisdiction, on behalf of the Commonwealth, of all causes, suits and motions against clerks of courts,

collectors of public money, and all public debtors or defaulters, or others claiming under them; and, for this purpose its jurisdiction shall be co-extensive with the State.

This section, however, has no application to this case, since it applies by its terms, to actions brought against public debtors or defaulters, or others claiming under them; it does not include suits brought by a clerk to recover fees from one who is not a public officer.

The petition having wholly failed to show that Schulman acted without his jurisdiction, the demurrer was properly sustained.

Judgment affirmed.