STATE, ex rel. W. T. COWLES, JR., v. ELLIOTT W. BUTTS, as Clerk of the Circuit Court, Duval County, and also as Clerk ex officio of the Board of County Commissioners of Duval County, Florida, et al.

170 So. 714.
Opinion Filed May 23, 1936.
Rehearing Denied November 18, 1936.

*DeHoff & DeHoff* and *Mickler & Mickler,* for Relator; *Julian E. Fant* and *Fant & Stanley,* for Respondents.

DAVIS, J.—Upon motion to quash the alternative writ of mandamus herein, the contention is made that·where an attorney at law deposited with a deceased Clerk of the Circuit Court during his lifetime certain funds as an advance payment to the Clerk in the nature of a "court costs deposit" to compensate the Clerk for services rendered, and to be rendered by him in the future in his official capacity, in pending litigated cases, that the unearned balance standing to the account of the attorney at the death of the Clerk becomes solely an obligation of the Clerk *personally,* and not an obligation of the Clerk's office, and is therefore solely recoverable by the attorney from the Clerk's executors and administrators, although the Circuit Court Clerk accounted

for and paid to the County Commissioners, during his lifetime, for the periods during which were made such attorney's "court costs" deposits, an alleged surplus in the earnings of his office from fees which the County Commissioners received and retained under Chapter 11904, Acts 1927, to the prejudice of the depositing attorney in realizing value for what he had deposited, inasmuch as the respondent successor Clerk of the Circuit Court refuses to render therefor current services to secure payment for which money was officially deposited with his deceased predecessor Clerk, unless allowed by the County Commissioners to take credit in his current accounts with the County Commissioners for whatever service he may render during his term to absorb and expend the unearned "court costs" deposit.

The command of the alternative writ of mandamus in this case is in legal effect as follows: that respondent Elliott W. Butts, the present Clerk of the Circuit Court of Duval County, set up a credit on his books for the relator, a practicing attorney at Jacksonville, Florida, for an amount equal to the unearned balance of relator's "court costs" deposit made during the term of office of respondent Butts' predecessor, Frank Brown, while the latter was in the office as Clerk of the Circuit Court and that the other named respondents, County Commissioners of Duval County, acknowledge such procedure by the respondent Butts, as Clerk of the Circuit Court, and validate same, and in their accounts with the office of Clerk of the Circuit Court, that they, as County Commissioners, give credit on their books for same in favor of Butts, under Chapter 11904, Acts 1927, relating to the duty of Butts to pay over to Duval County any surplus in "net income" of his office during his term as Clerk of the Circuit Court.

This Court has recently held that a county officer may

legally demand a "court costs" deposit, in view of Chapter 11904, Acts 1927, and correlative Acts pertaining to fee officers of this State. See: Sweat v. Waldon, 123 Fla. 478, 167 Sou. Rep. 363. When a "court costs" deposit is so demanded and put up by an attorney, or litigant, it is to be deemed received by the Clerk's office in its official capacity and not by the occupant of the office in his personal capacity. Fidelity & Deposit Co. of Maryland v. Cowan, 184 Ark. 75, 41 S. W. Rep. (2nd) 748; Hughes v. Board of Com'rs of Oklahoma County, 50 Okla. 410, 150 Pac. Rep. 1029; United States v. MacMillan, 209 Fed. 266; Howard v. United States, 184 U. S. 676, 22 Sup. Ct. Rep. 543, 46 L. Ed. 754; United States v. Abell, 174 Fed. 12, 98 C. C. A. 50.

Under the statute relating to "surplus fees" and "net income" of county fee officers (Chapter 11904, Acts 1927, and Acts amendatory thereof) there can be no "surplus" to be turned over to a county as "excess" fees earned by the office, so long as there is any outstanding, unsatisfied or unpaid indebtedness or other legal obligation of the fee earning office to the public or persons dealing with the office.

Therefore, if Frank Brown, during his lifetime and while he was the incumbent of the office of Clerk of the Circuit Court of Duval County, has paid over to the County Commissioners as an "excess" or "surplus" earning of his office moneys which have been so computed by him in his accounts with Duval County as to make therein no provision for attorneys at law to secure return of their "court costs" deposits made with him, either in money or in services, then to that extent, Duval County has been overpaid to amount of such "court costs" deposits as may have been calculated as part of the gross income of the Clerk's office during

Frank Brown's lifetime, and in law and in equity it is the duty of the respondent County Commissioners to now so adjust their accounts with Mr. Butts, the present Clerk of the Circuit Court, that such amounts as have been heretofore deposited with Mr. Brown, as "court costs" deposits will be reflected in the accounts of Mr. Butts in such manner that the depositing attorneys at law will receive from the Clerk's office the rendition of those services for which they have put up an advance payment during the lifetime of the Honorable Frank Brown.

Court costs deposits are trust funds and a plea of *laches* does not run against their recoupment in a proceeding of this kind, no special prejudice by reason of the delay being made to appear as a defense.

Motion to quash alternative writ denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.