STATE, *ex rel.* WILLIAM J. DeHOFF and P. DONALD DeHOFF, v. ELLIOTT W. BUTTS, as Clerk of the Circuit Court of Duval County.

175 So. 240.
Opinion Filed June 16, 1937.

*William J. DeHoff* and *P. Donald DeHoff, in pro per,* for Relators;

*Crawford & May,* for Respondent.

PER CURIAM.—The clerk of the Circuit Court of Duval County required attorneys instituting law suits in the Circuit Court to deposit ten dollars to cover court costs occasioned by the institution of a suit; under the decision of this Court in State, *ex rel.* Cowles, v. Butts, 125 Fla. 584, 170 Sou. Rep. 714, the deposit thus made became a trust fund in the hands of the Clerk of the Circuit Court to be returned to the depositing plaintiff, or his attorney, upon demand, less any earned portion thereof which the Clerk may have become entitled to retain as compensation for services rendered in the case wherein the deposit was made; in answer to a demand made by the depositing attorneys for a return of $4.40 alleged to be due as unearned costs of the particular suit, the Clerk undertook to charge against the deposit the sum of $1.25 as a statutory fee claimed for recording a deed left with him not in anywise connected with the particular suit in which the costs deposit had been made; the Clerk also attempted to charge against and deduct from the $10.00 court costs deposit certain costs alleged to have been due and unpaid in other litigation represented by the attorneys demandant but not a part of the particular law suit wherein the deposit had been put up; the Clerk also attempted to deduct from said deposit certain other sums alleged to have been due because of services rendered the defendant in the case, the case having been finally decided in favor of the defendant; the attorneys who had instituted the litigation and made the $10.00 costs deposit insisted that the Clerk should return to them, in their capacity as the depositing attorneys, the sum initially put up with the Clerk, less that portion of the $10.00 deposit which had been earned by the Clerk for services rendered in that particular suit on behalf of the particular plaintiff, and without deduction for charges alleged to be due on account of services rendered the defendant in the case, and without

deduction for any other charges claimed against the demanding attorneys on account of services rendered in other respects than for the particular plaintiff in the particular suit wherein the deposit had been made; the Clerk refused to meet the demand so made upon him, by the attorneys aforesaid, who thereupon brought mandamus contending that as attorneys making the particular deposit under the circumstances stated, they are entitled to have the unearned part thereof returned to them as the actual depositor of same with the Clerk, absent the deductions claimed by the Clerk:

HELD: That the mandamus is well taken and that the Clerk's office is under the enforceable legal duty to account to the demandant attorneys for such unearned portion of the $10.00 court costs deposit made by them as may remain unused after deducting therefrom that portion of the same that has been earned by the Clerk's office for services rendered to the particular *plaintiff* in that particular case, and without deduction for claims asserted to be due from defendant or otherwise.

It is settled law, accepted in every jurisdiction in which there are any adjudicated cases on the subject, that liability for court costs rests with the party for whom the services were rendered by court officials. Caldwell v. Jackson, 7 Cranch 276, 3 L. Ed. 341; Green v. Commonwealth, 93 Ky. 299, 19 S. W. 978; Moser v. Summers, 172 Ky. 553, 189 S. W. Rep. 715; Southern Bell Telephone & Tel. Co. v. Mitchell, 145 Ga. 539, 89 S. E. Rep. 514; Sechler v. Stark, 12 Neb. 242, 11 N. W. Rep. 320; State *ex rel.* Springmeyer v. Baker, 35 Nev. 300, 128 Pac. Rep. 452; Wichita Mill & Elevator Co. v. State, 57 Tex. Civ. App. 165, 122 S. W. Rep. 427; Danforth v. McClellan, 196 Ala. 567, 72 Sou. Rep. 104. See also 11 Corpus Juris 879. The attorney who deposits costs with the office of Clerk of the Court in

behalf of his client is entitled to demand their return when the specific trust upon which the deposit was made has been terminated by the end of the litigation as to which the deposit was made an incident, and it thereupon becomes the duty of the officer in charge when his right to hold the deposit no longer exists, to account for the unearned portion of the costs deposit to the attorney who made it, or the party litigant, either being entitled to demand the performance of the duty but the performance as to one is a complete defense to the demand of the other.

Demurrer to respondent's answer sustained and final judgment thereon awarded to relators unless respondent shall file a better return not inconsistent with this opinion, within ten days·from the entry of this order.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.