STATE, ex rel. ERNEST DART, v. JOHN B. BAKER, as Clerk of the Civil and Criminal Courts of ·Record, Duval County, and R. T. GRAY, FRED E. BIGGS, RAY GREENE, and D. C. BROWN, as and constituting the Board of County Commissioners of Duval County.

182 So. 223.
Opinion Filed June 15, 1938.
Rehearing Denied July 1, 1938.

*P. Donald DeHoff, Wm. J. DeHoff* and *Dehoff & DeHoff*, for Relator;

*Julian E. Fant, Fant & Stanley, Herman Ulmer* and *Stockton, Ulmer & Murchison,* for Respondents.

Brown, J.—This cause is before us on motion to quash an alternative writ of mandamus brought by the relator against the Clerk of the Civil and Criminal Courts of Record of Duval County and R. T. Gray and others constituting the Board of County Commissioners of said County. The alternative writ alleges that on a certain date the relator as attorney for plaintiff filed in said Court of Record a certain civil suit and paid to the Clerk of said court the sum of $3.00 as security for the Clerk's cost which might accrue in said suit as proper debits against the plaintiff. That the said sum of $3.00 was entered as a credit for said attorney on the docket sheet for said cause which was then prepared by the clerk pursuant to law; that as papers were filed by the relator on behalf of the plaintiff in said cause a debit of his statutory fee was made by the then clerk against the original amount so deposited, and that said docket sheet disclosed that the total of the charges so made by the clerk against plaintiff's deposit is 79 cents, leaving a balance due and owing to relator of $2.21. It is further alleged that the respondent, John D. Baker, has on hand a sum, the exact amount of which is unknown to the relator but which is sufficient to liquidate the said indebtedness to the relator, but which said respondent intends to remit to the County Commissioners of Duval County as excess or surplus earnings of his office for the calendar year 1937. It is then alleged in paragraphs 7 and 8 of the alternative writ as follows:

"That under the rule laid down by this Honorable Court in the case of State, ex rel. Cowles, v. Butts, Circuit Court Clerk, et al., 170 So. 714, and 715, "court costs" deposits are "trust funds" and are received by the then occupant in his official capacity and that if a former clerk of a Court 'has paid over to the county commissioners as 'excess' or 'surplus' earnings of his office moneys which have been so

computed by him in his accounts with (said) County as to make therein no provision for attorneys at law to secure return of their 'court costs' deposits made with him, then to that extent, (said) County has been overruled,' and it is the duty of the respondent County Commissioners to now so adjust their accounts with the present Clerk so that relator may receive the unearned moneys due him, and it is the concomitant duty of the Respondent County Commissioners to acknowledge the propriety of such procedure by the Respondent Clerk by giving him the benefit of a set-off therefor when making his statutory accountings with the Duval Board of County Commissioners and computing his net income under the statute requiring county officers to pay over to the counties any 'surplus' fees earned by them above liabilities."

"That proper demand has been made on the respondents herein to proceed in accordance with the said rule, but that such demand has been refused."

Then follows the command of the writ (1) that the clerk pay the relator the sum of $2.21, "representing unearned portion of court costs deposit made by him" in the case above referred to, such payment to be made out of the surplus or excess earnings of the said office for the calendar year 1937 and (2) that said parties constituting the Board of County Commissioners acknowledge such procedure by thereupon giving the clerk the benefit of a set-off therefor when making his statutory accounting and computing his net income for the year 1937 under the statutes. The writ was issued February 7, 1938.

It will be observed that the writ does not expressly allege that the relator has demanded that the clerk pay him the said sum of $2.21. The allegation is "that proper demand has been made on the respondents herein to proceed

in accordance with said rule," which was set forth in said paragraph 7, "but that such demand has been refused."

There is no allegation in the writ that the suit referred to therein, in which the deposit was made, had been terminated. We will pass, then, to the main question raised by the motion to quash, and ably argued by counsel for both sides, both orally and by briefs, which question might be stated as follows:

When an attorney instituting a suit on behalf of a client makes a cash deposit with the clerk of the court for the purpose of securing the payment of all costs which may accrue in said suit as proper charges against the plaintiff, is such attorney entitled to the payment of the unearned portion of such deposit, while such suit is still pending and before it is terminated either by final judgment or dismissal?

In the case of State, *ex rel.* DeHoff, v. Butts, 128 Fla. 655, 175 So. 240, it was said in the first paragraph of the opinion that:

"The clerk of the Circuit Court of Duval County required attorneys instituting law suits in the Circuit Court to deposit ten dollars to cover court costs occasioned by the institution of a suit; under the decision of this Court in State, *ex rel.* Cowles, v. Butts, 125 Fla. 584, 170 So. 714, the deposit thus made became a trust fund in the hands of the Clerk of the Circuit Court to be returned to the depositing plaintiff, or his attorney, upon demand, less any earned portion thereof which the Clerk may have become entitled to retain as compensation for services rendered in the case wherein the deposit was made; in answer to a demand made by the depositing attorneys for a return of $4.40 alleged to be due as unearned costs of the particular suit, the Clerk undertook to charge against the deposit the sum of $1.25 as a statutory fee claimed for recording

a deed left with him not in anywise connected with the particular suit in which the costs deposit had been made; the Clerk also attempted to charge against and deduct from the $10.00 court costs deposit certain costs alleged to have been due and unpaid in other litigation represented by the attorneys demandant but not a part of the particular lawsuit wherein the deposit had been put up;" etc.

. After further recitation of the facts of the particular case the Court in its opinion said:

"That the mandamus is well taken and that the Clerk's office is under the enforceable legal duty to account to the demandant attorneys for such unearned portion of the $10.00 court costs deposit made by them as may remain unused after deducting therefrom that portion of the same that has been earned by the Clerk's office for services rendered to the particular *plaintiff* in that particular case, and without deduction for claims asserted to be due from defendant or otherwise.

"It is settled law, accepted in every jurisdiction in which there are any adjudicated cases on the subject, that liability for court costs rests with the party for whom the services were rendered by court officials. (Citing authorities.) The attorney who deposits costs with the office of Clerk of the Court in behalf of his client is entitled to demand their return when the specific trust upon which the deposit was made has been terminated by the end of the litigation as to which the deposit was made an incident, and it thereupon becomes the duty of the officer in charge when his right to hold the deposit no longer exists, to account for the unearned portion of the costs deposit to the attorney who made it, or the party litigant, either being entitled to demand the performance of the duty, but the performance as to one is a complete defense to the demand of the other."

It thus appears that this Court has specifically held that the attorney who makes a deposit of this kind with the clerk of the court in behalf of such deposit "when the specific trust upon which the deposti was made has been terminated by the end of the litigation as to which the deposit was made an incident."

It therefore appears that this writ of mandamus was prematurely sued out and that the motion to quash the same must be granted.

It is so ordered.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.