137 So.2d 825 (1962)
The CITY OF MIAMI, a Municipal Corporation, Petitioner,
v.
Lillian Crumpton MURPHY, Respondent.
No. 31303.
Supreme Court of Florida.
February 14, 1962.
*826 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and A. Lee Bradford, Miami, for petitioner.
R.J. Dwyer and Carey, Goodman, Terry, Dwyer & Austin, Miami, for respondent.
THORNAL, Justice.
On the basis of a certificate that the decision involves a question of great public interest, we have for review a decision of the District Court of Appeal, Third District, sustaining a motion to dismiss an appeal because of the failure of the appellant City of Miami to pay the trial court costs taxed against it, or in the alternative, its failure to supersede and assign the cost judgment as error.
We must decide whether the requirements of Section 59.09, Florida Statutes, F.S.A., and Florida Appellate Rule 3.2(f), 31 F.S.A., apply to an appeal instituted by a municipality.
By its opinion under review the District Court concluded that the City of Miami was the original plaintiff in the trial court and, like any other plaintiff taking an appeal, it was bound to meet the requirements of the cited statute and rule, subject to the exemptions of Section 59.14, Florida Statutes, excusing municipalities from the necessity of filing a supersedeas bond. We have examined the opinion of the District Court which appears as City of Miami v. Murphy, Fla.App., 132 So.2d 361. It is our conclusion that this opinion adequately and accurately announces the law applicable to the problems presented to that court. The opinion is, therefore, approved herewith as a correct pronouncement, adequately supported by our prior decisions which it cites. We would close our opinion at this point were it not for a question which the appellant raises here as fundamental and which, admittedly, was not presented for consideration by the District Court.
By a supplemental brief the appellant refers us to Article V, Section 5(3), Florida Constitution, F.S.A., which reads as follows:
"Jurisdiction. Appeals from trial courts in each appellate district, and from final orders or decrees of county judge's courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court." (Emphasis supplied.)
The appellant then contends that the subject statute and the rule collide with the quoted constitutional provision. This is so, it is alleged, because the Constitution permits the stated appeals to the Court of Appeal "as a matter of right." It is contended that the requirements of payment of costs or in lieu thereof the filing of a *827 supersedeas bond and assignment of error on the taxing of costs injects a statutory condition to the assertion of a constitutional privilege. Appellant claims this to be a fundamental error which justifies consideration here even though not presented to the Court of Appeal.
At first glance the position of the appellant appears both plausible and meritorious. A careful examination of the cases, however, leads us to the conclusion that the point is without merit.
Costs of litigation represent charges which the state imposes for services rendered by the courts and other officers in performing essential services in relation to the litigation. Flood v. State, 100 Fla. 70, 129 So. 861; State ex rel. Cowles v. Butts, 125 Fla. 584, 586, 170 So. 714; Sweat v. Waldon, 123 Fla. 478, 167 So. 363.
Section 59.09, Florida Statutes, has a long history. The books contain almost enumerable cases in which it has been applied. It has been repeatedly upheld against direct assaults upon its validity. Its original legislative predecessor was initially approved in Union Bank of Florida v. McBride, 2 Fla. 7. Detailed references which reveal both the history and sources of applicable decisions was thoroughly covered by us in O'Connell v. Mason, Fla. 1957, 93 So.2d 71. It is clear that the purpose of the statute is to discourage the filing of frivolous appeals and, in a measure, to discourage likewise the filing of frivolous suits in the beginning by imposing upon the plaintiff the requirement that he pay the costs taxed against him with the knowledge that he cannot continue useless litigation through the appellate process unless he pays or secures payment of such costs.
It is well established that court costs are a part of the burden of the litigation and the imposition thereof upon a losing party by statute does not deprive the litigant of any constitutional right. 8 Fla.Jur. "Costs", Section 6; 14 Am.Jur., "Costs", Section 8.
We have held that the requirement of the posting of a cost bond does not impermissibly intrude upon a litigant's right to obtain review. Austin v. Town of Oviedo, Fla. 1957, 92 So.2d 648. It is a rule well established that while our Constitution delineates the appellate jurisdiction of various courts, it does not prescribe the means or manner by which such appellate jurisdiction is activated in particular cases. Pursuant to this view we have held that in appropriate situations the Legislature, and now this Court, under its broad rule-making authority, may prescribe the various procedural steps to be taken to effectuate the appellate process. If this were not the rule there would be no guides for the taking of an appeal or its conduct after it reaches the appellate court. Austin v. Town of Oviedo, supra; McJunkins v. Stevens, 88 Fla. 559, 102 So. 756.
This view is clearly confirmed by the Constitution itself which in two places specifically grants to the Supreme Court broad rule-making powers which are adequate to support the rule under attack. Article V, Section 3, Florida Constitution, provides: "The practice and procedure in all courts shall be governed by rules adopted by the supreme court." In even more sweeping language Article V, Section 26(14) reads:
"Upon the adoption of this Article, the legislature shall enact such laws and make such appropriations and the supreme court shall make such rules as may be necessary or proper to give effect to its provisions."
While our Constitution provides for a right of appeal it does not thereby preclude provision for reasonable procedural requirements setting forth the manner and method by which the right may be exercised. Article V, Section 5(3), supra. It is merely descriptive of the type and nature of the judgments or decrees which may be *828 taken to a District Court. It obviously does not purport to delineate the steps necessary to get there or the procedure after one arrives. Such matters are now the proper subject of rules promulgated by this Court or in appropriate situations legislative enactments authorized by the provisions of the Constitution which we have quoted.
We have said that the requirements of the rule regarding payment of costs is not jurisdictional. It may be waived by an appellee. If it were a condition to the exercise of our jurisdiction no waiver could be effective. On the other hand, the rule and related statutes have been in effect for more than a hundred years. We have in a measure attempted to make it less rigorous by the provision permitting supersedeas and the assignment of a cost judgment as error. To some it might appear that the enforcement of the rule is harsh on occasions. However, this is often the result when it becomes necessary to apply established rules to particular situations. The fact remains, however, that if we did not have these rules applicable alike to all who are similarly situated, then the trial of a law suit and appellate review thereof would be utter confusion. The application of the rule to the instant case might be thought to be severe. Nevertheless, we can find no justification for making an exception of this particular case. A frequently heard criticism of the appellate process is that "hard cases often make bad law." We have no desire to contribute support for the observation.
We approve the decision of the Court of Appeal and, further, find no basis for relief because of the alleged fundamental error.
The writ of certiorari is discharged.
It is so ordered.
ROBERTS, C.J., and THOMAS and O'CONNELL, JJ., and SCOTT, Circuit Judge, concur.