Lisa N. Hodapp Assistant City Attorney City of Lauderhill
QUESTION: Is the City of Lauderhill authorized to assess, by ordinance, an administrative charge to cover the costs of recording liens and satisfaction of liens by the following: 1. A municipal code enforcement board created pursuant to Ch. 162, F.S., which imposes liens for code violations; 2. The City of Lauderhill, imposing such liens for failure of a property owner to pay special assessments levied pursuant to Ch. 170, F.S.; and 3. A municipal board or department created other than by Ch. 162, F.S., imposing such liens for charges by the city to remove health and safety threats which are in violation of city codes?
SUMMARY: 1. The City of Lauderhill is authorized by s. 162.10, F.S., to recover all costs incurred in foreclosing on a code enforcement board lien imposed pursuant to Ch. 162, F.S 2. Section170.10, F.S., authorizes a municipality to foreclose against a property owner for unpaid special assessments and to include legal costs incurred in such foreclosure. 3. In the absence of statutory authorization, a municipality is not authorized to recover costs incurred in recording liens and satisfactions of liens resulting from special proceedings to enforce its codes and ordinances.
The City of Lauderhill proposes to adopt an ordinance which would permit the city's code enforcement department to charge and collect an administrative fee of approximately $25. This fee would be directly related to the actual costs of recording claims of lien and satisfactions thereof and would include the costs of service of process and postage. You have advised this office that the purpose of these fees would be to recoup the expenses incurred by the city in recording such liens and satisfactions of liens. These fees are in the nature of "costs" assessed in criminal proceedings or special statutory proceedings.[1] Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding.[2] They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his or her rights in court or another forum.[3] Costs of litigation represent charges which the state imposes for services rendered by courts and other officers in performing essential services in relation to litigation.[4]
It is generally the rule that the right to, and liability for, costs in proceedings for the violation of municipal ordinances are entirely dependent on statutory provisions. Costs are not recoverable in the absence of statutory authorization.[5]
AS TO QUESTION 1:
Initially, I would note that this office has concluded that a local government which elects to proceed pursuant to Part I, Ch.162, F.S., to enforce its technical codes has no delegated authority from the Legislature to alter or regulate the statutorily prescribed enforcement procedures in any way.[6]
Section 162.10, F.S., provides in part that "[i]n an action to foreclose on a lien, the prevailing party is entitled to recover all costs, including a reasonable attorney's fee, that it incurs in the foreclosure."[7]
To the extent that the City of Lauderhill has created a code enforcement board pursuant to Part I, Ch. 162, F.S., it is bound by the provisions of that statutory scheme with regard to the recovery of costs incurred in prosecuting code violators. The city may, therefore, recover the costs it incurs in foreclosing on a lien imposed pursuant to these statutes.
AS TO QUESTION 2:
Chapter 170, F.S., authorizes municipalities to provide certain improvements and to levy and collect special assessments against the property which is benefitted thereby.[8] The special assessments imposed by a municipality under Ch. 170, F.S., are payable in the manner stipulated in the resolution providing for the improvement and shall remain liens until paid.[9] If a property owner fails to pay the special assessment or interest imposed when it is due, the statutes provide a method for foreclosure.
Section 170.10, F.S., states that:
Each annual installment provided for in s. 170.09 shall be paid upon the dates specified in said resolution, with interest upon all deferred payments, until the entire amount of said assessment has been paid, and upon the failure of any property owner to pay any annual installment due, or any part thereof, or any annual interest upon deferred payments, the governing authority of the municipality shall cause to be brought the necessary legal proceedings by a bill in chancery to enforce payment thereof with all accrued interest and penalties, together with all legalcosts incurred, including a reasonable solicitor's fee, to beassessed as part of the costs . . . . (e.s.)
Thus, Ch. 170, F.S., authorizes the recovery of costs for foreclosure actions brought by municipalities pursuant to this chapter.
AS TO QUESTION 3:
Finally, in the absence of any statutory authority for the recovery of costs when the city is recording liens or satisfactions of liens for the enforcement of other city ordinances, I cannot say that such costs are allowed.
Entitlement to costs is strictly statutory and I am aware of no statutory administrative procedure for the enforcement of municipal codes or ordinances which authorizes the recovery of costs except as discussed herein.[10]
[1] Compare, AGO 84-55 in which this office concluded that such fees or costs could not be imposed by code enforcement boards. Subsequent to issuance of this opinion s. 162.10, F.S., was amended to authorize the recovery of all costs by the prevailing party in a foreclosure action pursuant to Ch. 162, F.S.See, s. 9, Ch. 89-268, Laws of Florida.
[2] See generally, 20 C.J.S. Costs s. 1
[3] Id.
[4] City of Miami v. Murphy, 137 So.2d 825, 827 (Fla. 1962).
[5] See generally, 62 C.J.S. MunicipalCorporations s. 381. And see, 20 C.J.S. Costs s. 2 (costs ordinarily may be imposed and recovered only in cases where there is statutory authority therefor, and only in the instances, to the extent, and in the manner provided for by the statute).Cf., AGO's 84-26 and 84-94 (the general rule of law and the rule recognized in Florida regarding the recovery and allowance of costs incurred in criminal cases is that no right to or liability for such costs exists independent of statutory authorization).
[6] See, e.g., AGO's 89-83, 86-10, 85-84, 85-27, and 84-55.
[7] This language was added by s. 9, Ch. 89-268, Laws of Florida.
[8] Section 170.01, F.S. The improvements authorized by this chapter include such things as road and sidewalk surfacing, s. 170.01(1)(a), F.S.; construction and repair of sanitary sewers and drains, s. 170.01(1)(b), F.S.; offstreet parking facilities, parking garages, or similar facilities, s. 170.01(1)(e), F.S.; and mass transportation systems, s. 170.01(1)(f), F.S.
[9] Section 170.09, F.S.
[10] Cf., s. 166.0415, F.S., providing a method for enforcing municipal codes and ordinances in lieu of the provisions of Part II, Ch. 162, F.S.; and s. 162.21, F.S., which provides supplemental county or municipal code or ordinance enforcement procedures.